WARREN H. MEREDITH, JR., Appellant, *v.* FIRST TRUST COMPANY OF ALBANY, Respondent.

Third Department, November 13, 1940.

*Russell E. Harrington* [*John J. Conway* and *Sidney B. Gordon* of counsel], for the appellant.

*Cooper, Erving & Savage* [*B. Jermain Savage* and *Edward S. Rooney* of counsel], for the respondent.

HILL, P. J.   Plaintiff appeals from an order granting defendant's motion to dismiss the complaint and for judgment on the pleadings. The complaint charges defendant with fraud and negligence in connection with its trusteeship under the will of Susie H. Kelley, deceased, plaintiff being the beneficiary, and prays to have defendant reimburse plaintiff for the amount invested in two mortgages, together with unpaid interest thereon from the date that defendant, acting in its own behalf, sold these mortgages to itself as trustee. The answer, in addition to a general denial, pleads an accounting and decree of the Surrogate's Court of Albany county as *res judicata*.

In plaintiff's notice of appeal no mention is made of the judgment, but only the order which dismissed the complaint and directed the entry of judgment thereon.   In *Waldo* v. *Schmidt* (200 N. Y. 199) the notice of appeal to the Court of Appeals from a judgment of affirmance in the Appellate Division failed to state that the Appellate Division's affirmance of the interlocutory judgment would be brought up for review, but used the same form as when the appeal was taken from the decision of the Special Term.   An amendment was permitted allowing the inclusion of the affirmance of the interlocutory judgment by the Appellate Division in the

notice of appeal. The plaintiff will be permitted to move *nunc pro tunc* for an order amending his notice of appeal to include the judgment.

Defendant is executor and trustee of the will of Susie H. Kelley. Among the legacies was one of $20,000 to the defendant " in trust " to be invested for the use and benefit of testatrix's grandson, the plaintiff. He was to receive the income semi-annually and one-half of the corpus was to be paid to him when he became twenty-one and the balance upon his becoming twenty-five years of age. The complaint alleges that defendant, for several years prior to the time when it invested the trust funds, had been the owner of two mortgages, and that acting in its corporate capacity it sold to itself as trustee a portion of a mortgage of $8,500 of which Colovecchio was the maker, and also a portion of a mortgage of $33,000 of which Wickes was the maker. The amount of the Kelley estate participation in the Colovecchio mortgage was $4,500 and in the Wickes mortgage $5,000.

The plea of *res judicata* is predicated upon the accounting and decree made at the time the plaintiff became twenty-one years of age. Defendant in its account charged itself with $20,000, the amount of the legacy, and items of income received, and credited itself with advancements of principal to plaintiff, together with payments of income, commissions on income and attorney's fees. The account also recited that it had a balance of $8,500 in cash on hand, and the participating interests in the two mortgages earlier mentioned, of the value of $9,500. The decree directed the payment, after deducting commissions on principal, of the balance of the $10,000 in accordance with the will of the testatrix. These payments were to be made from the cash balance without having recourse to the participating shares in the mortgages. From an examination of the items of interest received as shown by defendant's answer, it appears that prior to the accounting there were two additional mortgages which apparently could be converted into cash more readily than the Colovecchio and Wickes mortgages. The decree contains a paragraph: " And it is further ordered, that the said Executor and Trustee continue to hold as part of said trust fund said participation in mortgages of the face value of $9,500.00 as set forth in Schedule B of said account." This language falls far short of final judicial approval of the deal which the trustee made with itself whereby questionable securities were purchased for the trust estate, as it is charged in the complaint. The purpose of this paragraph is not clear. Certainly the surrogate could not have intended to direct the trustee to continue to hold securities of unknown value and concerning which

no inquiry had been made or issue raised. It was not within the province of the surrogate to control the investments or the time during which securities should be held under the will in question, as the defendant was given full power to invest and reinvest without application to the surrogate for leave.

" 8. The expression ' judicial settlement,' where it is applied to an account, signifies a decree of a Surrogate's Court, whereby the account is made conclusive upon the parties to the special proceeding, either for all purposes, or for certain purposes specified in the statute; and an account thus made conclusive is said to be ' judicially settled.' " (Surr. Ct. Act, § 314.)

Defendant filed a voluntary intermediate account. (Surr. Ct. Act, § 261.) Thereon the surrogate was authorized to make such an order or decree as justice required. (Surr. Ct. Act, § 263.) It is only as to matters and items stated in the account and involved in the intermediate accounting in which the decree is a conclusive adjudication. (Van Rensselaer v. Van Rensselaer, 113 N. Y. 207.) " The part payments made by the trustees upon the several past accountings made by them, must remain unaffected by our decision herein. Those accountings have been approved by the surrogate and must be regarded as conclusive upon all past transactions and payments covered by them. They form no bar, however, to the proper decision of the question now presented as to the distribution of the property now in the hands of the trustee." (Bowditch v. Ayrault, 138 N. Y. 222, 231.) The decree and decision earlier made is binding upon plaintiff as to the matters therein involved, but does not prevent him from raising a question as to the investments still remaining in the hands of the trustee and the distribution thereof. (Matter of Hoyt, 160 N. Y. 607, 618.) The decree of the surrogate was only conclusive as to the items therein involved. (Joseph v. Herzig, 198 N. Y. 456, 462.) It was not binding as to assets remaining in the hands of the trustee. A decree is limited to matters actually embraced therein and does not bind a party " to accept payment of the legacy in mortgage certificates which were never disclosed in the accounting proceedings nor approved as an investment." (Matter of Denbosky, 245 App. Div. 93, 96.) " A principle firmly fixed in equity is that a trustee may not deal with himself. The simple fact that he did is enough to indicate disloyalty to the estate, calling for the strongest justification if the investment proved to be an unfortunate one. * * * There can be no ratification where a beneficiary is not fully apprised of the facts to be ratified, and is left without knowledge of the acts to be confirmed or of her rights under the law applicable, and how these acts would be dealt with by a court of equity." (Matter of Young, 249 App. Div. 495, 500, 501.)

The Supreme Court has concurrent jurisdiction with the Surrogate's Court in the settlement of the accounts of a testamentary trustee. (*Matter of Runk*, 200 N. Y. 447.)

The order and judgment should be reversed on the law and facts, with costs.

CRAPSER, BLISS, HEFFERNAN and FOSTER, JJ., concur.

Notice of appeal amended in accordance with the statement in the opinion.

Order and judgment reversed on the law and facts, with costs.