■ ELBA MENDEZ, as Administratrix of the Estate of ANGELO MENDEZ, Deceased, et al., Appellants, v. FRANKLYN GOROFF, Respondent.— Oral motion made by appellants on calendar call to amend notice of appeal so as to set forth that the appeal is from an order and from the judgment entered thereon, granted (Civ. Prac. Act, § 107; *Meredith* v. *First Trust Co. of Albany*, 260 App. Div. 517). Nolan, P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ (A) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM J. D. HYNDMAN, Appellant. (B) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BILLIE MARSHALL THOMPSON, Appellant.— [In each action] Motion by appellant to dispense with printing granted. The appeal will be heard on the original papers (including the typed minutes) and on appellant's typewritten brief, which shall include a copy of the opinion, if any, of the court below. The appellant is directed to file six copies of his typewritten brief and to serve one copy on the District Attorney. Appellant's time to perfect the appeal is enlarged to the October Term, beginning October 2, 1961; appeal ordered on the calendar for said term. Motion for assignment of counsel granted. Anthony F. Marra, Esq., 100 Centre Street, New York 13, New York, is assigned as counsel to prosecute the appeal. Nolan, P. J., Beldock, Kleinfeld, Christ and Brennan, JJ., concur.

■ JOANNE L. CIOFALO et al., Appellants, v. VIC TANNEY GYMS, INC., Respondent.— In a negligence action by a female patron or "member" of defendant, which operates gymnasiums, to recover damages for personal injuries, and by her husband to recover damages for medical expenses and loss of services resulting from a fall by plaintiff wife on defendant's premises, the plaintiffs appeal from an order of the Supreme Court, Nassau County, entered October 3, 1960, granting defendant's motion for summary judgment (Rules Civ. Prac., rule 113) and denying their cross motion to strike out the affirmative defense in defendant's answer. Defendant, by way of affirmative defense, pleaded in its answer that the agreement between it and plaintiff provided in part that it: "shall not be liable for any damages arising from personal injuries sustained by  *  *  *  in, on or about the premises  *  *  *  resulting from or arising out of the  *  *  *  use or intended use of said gymnasiums or the facilities and equipment thereof, including  *  *  *  any claims for personal injuries resulting from or arising out of the negligence of  *  *  * owners, agents and employees or the negligence of any other persons present on said premises". Order affirmed, without costs. No opinion. Ughetta, Acting P. J., Christ, Pette and Brennan, JJ., concur; Kleinfeld, J., dissents and votes to reverse the order and to deny defendant's motion and to grant plaintiffs' cross motion, with the following memorandum: Exculpatory clauses like the one at bar have consistently been held invalid as contrary to public policy, where the party absolving itself from liability for its own negligence had a public responsibility and duty, or where it had an obvious advantage in bargaining power over the other contracting party. Within the former category are public utilities, common carriers, public warehousemen and innkeepers; within the latter category are employers and landlords (cf. Real Property Law, § 234). In my opinion, a gymnasium open to the general public, upon payment of a fee, has a public responsibility and duty analogous to that of an innkeeper. Hence, the clause effecting its exemption from liability for its own negligence is contrary to our public policy and is unenforcible.