**GARVAN, Alien Property Custodian, v. COMMERCIAL TRUST CO. OF NEW JERSEY.**

(District Court, D. New Jersey. October 22, 1921.)

**War ⊛12—Claimants of property not entitled to intervene in action by Alien Property Custodian.**

Claimants cannot intervene in a proceeding by the Alien Property Custodian to obtain possession of property, and have litigated the question of ownership of the property in process of seizure, as this question can be litigated only after the demand of the Alien Property Custodian has been complied with, and then only by proceedings authorized by Trading with the Enemy Act, § 9, as amended by Act June 5, 1920.

In Equity. Suit by Francis P. Garvan, as Alien Property Custodian, against the Commercial Trust Company of New Jersey, in which Frederick Wesche and Charles J. Ahrenfeldt petition for intervention. Petition of intervention denied.

Affirmed Ahrenfeldt v. Miller (C. C. A.) 282 Fed. 944. See, also, 275 Fed. 841.

Selden Bacon, of New York City, for petitioners.

Elmer H. Geran, U. S. Atty., of Asbury Park, N. J., and Lucient H. Boggs and Dean Hill Stanley, Sp. Asst. Attys. Gen., for respondent.

RELLSTAB, District Judge. At the time of the hearing of the rule to show cause granted in the above-entitled suit, Charles J. Ahrenfeldt and Frederick Wesche, the latter named with Helene J. von Schierholz in the trust agreement involved in such proceeding, presented their petitions for leave to intervene in said cause, praying an examination pro interesse suo to ascertain the interests and rights of each of them in the property covered by said agreement. Ahrenfeldt alleged that he was a separate and individual owner of a large part of said property. Wesche alleged that he was bailor and principal of the Commercial Trust Company, defendant herein, a separate beneficial owner of a large part of the securities and moneys held by said trust company under said agreement, and agent charged with the custody of said properties of his several principals, the said Charles J. Ahrenfeldt and Helene J. von Schierholz, and also of one Lucy von Uxküll-Gyllenband.

In the decision of the main case (opinion filed this day, 275 Fed. 841) it is held that under said trust agreement either Mrs. von Schierholz or

---

⊛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Wesche could demand the possession of the properties therein covered, and that inasmuch as Mrs. von Schierholz was an enemy within the meaning and purpose of the Trading with the Enemy Act, it was the duty of the trust company to comply with the demands of the Alien Property Custodian and turn over such property to him, and that the question of other persons' ownership or interest in said properties was irrelevant in such possessory proceedings.

The questions sought to be litigated by Wesche and Ahrenfeldt can be raised only after the demands of the Alien Property Custodian have been complied with, and by instituting the proceedings authorized by section 9 of the act, as amended June 5, 1920 (41 Stat. 977).

Their petitions to intervene in the present proceedings are denied.