## COMMERCIAL TRUST CO. OF NEW JERSEY v. MILLER, Alien Property Custodian.

(Circuit Court of Appeals, Third Circuit. August 1, 1922.)

No. 2842.

1. War ⟨⟩12—Action of Alien Property Custodian, demanding enemy-owned property, purely possessory, leaving question of title to subsequent suit.

The action of the Alien Property Custodian, brought in a District Court to enforce his demand for property which after investigation he has determined to be enemy-owned, is a purely possessory action, leaving the party claiming title to a subsequent suit.

2. War ⟨⟩12—Property held in trust for joint account subject to seizure, if either cestui an alien enemy.

Where a trust company held securities under a trust agreement for the joint account of a neutral and alien enemy, it being in one aspect under the sole control of the alien enemy as to its withdrawal, possession, and disposition, it was properly regarded in the initial proceeding as enemy-owned property, liable to seizure by the Alien Property Custodian under Trading with the Enemy Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½a et seq.), and neither for itself as trustee nor for either cestui que trust was the trust company justified in withholding delivery of the property.

3. War ⟨⟩33—Trading with the Enemy Act not amended or repealed by termination of war.

Trading with the Enemy Act Oct. 6, 1917, as amended by Act March 28, 1918, Act Nov. 4, 1918, Act July 11, 1919, and Act June 5, 1920, was not amended or repealed, or otherwise affected, by the Armistice, the Peace Resolution of Congress, or by the Treaty with Germany. While hostilities ceased and peace was re-established by one of these events, the act, not containing self-limiting terms and not being expressly repealed, remains the law.

Appeal from the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

Suit by Thomas W. Miller, as Alien Property Custodian, against the Commercial Trust Company of New Jersey. From a decree for plaintiff (275 Fed. 841), defendant appeals. Affirmed.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

See, also, Ahrenfeldt v. Miller, 281 Fed. 944, and Garvan v. Commercial Trust Co., 281 Fed. 943.

Fisk & Fisk, of Jersey City, N. J. (Selden Bacon, of New York City, and J. Fisher Anderson, of Jersey City, N. J., of counsel), for appellant.

Walter G. Winne, U. S. Atty., of Jersey City, N. J., and Dean Hill Stanley, Sp. Asst. Atty. Gen., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. This is a suit brought by the Alien Property Custodian under the Trading with the Enemy Act, October 6, 1917, c. 106, § 17, 40 Stat. 411, 425 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½i), to obtain possession of securities and money belonging to an alien enemy in the hands of the Central Trust Company of New Jersey, as trustee.

The Trust Company, in compliance with the provisions of the Act, made a report in December, 1917, that it held stocks, bonds, mortgages, securities and money, of the value of about $600,000, in trust, as to both principal and interest, for the joint account of Frederick Wesche, of Paris, France, and Helene J. von Schierholz, of Plaue, Germany, to be delivered and paid to either upon his or her sole demand, or to the survivor.

Upon investigation the Alien Property Custodian determined that Wesche was a neutral and von Schierholz an alien enemy not holding a license from the President, and demanded surrender of the securities. Because the neutral had power upon his sole order to withdraw the whole property, the Trust Company thought the Alien Property Custodian had no right to it and accordingly declined to yield possession. Because the alien enemy had like power upon her sole order to withdraw the whole property and acquire its possession, the Alien Property Custodian thought he had a right to it and accordingly demanded it. The question is, which was right?

The District Court entered a decree for the Alien Property Custodian and the Trust Company took this appeal.

Although the appellant filed 83 assignments of error, raising 71 questions, we are of opinion that the appellant brings here for review but the one question we have stated. This question, admittedly, has several phases, the most of which we think have already been decided by the Supreme Court in Central Union Trust Co. v. Garvan, 254 U. S. 554, 41 Sup. Ct. 214, 65 L. Ed. 403, and Stoehr v. Wallace, 255 U. S. 239, 41 Sup. Ct. 293, 65 L. Ed. 604. In this case, as was done in the cases cited, the appellant attacks the proceeding as one purely possessory in character and challenges the constitutionality of the Trading with the Enemy Act. Again in this case, as happened in the others, the appellant claims the right to have property interests judicially determined by a court of equity before a right to the possession of the property can be asserted by the Alien Property Custodian. Differing from the cases cited, the appellant here maintains, as a matter of fact, that there was no investigation and determination by the Alien Property Custodian that von Schierholz was an alien enemy, and, whether or not there

was such an investigation and determination, it maintains, as a matter of law, that the Trading with the Enemy Act ceased to be operative after the armistice on November 11, 1918, or after the Peace Resolution passed by the Congress on July 2, 1921, or finally after the exchange of ratifications of the Treaty with Germany of August 25, 1921 (42 Stat. 117). Relying upon the two cases cited, it is clear the Supreme Court has decided that the Trading with the Enemy Act, whether taken as originally enacted (Act Oct. 6, 1917, c. 106, 40 Stat. 411), or as since amended (Act March 28, 1918, c. 28, 40 Stat. 459, 460; Act Nov. 4, 1918, c. 201, 40 Stat. 1020; Act July 11, 1919, c. 6, 41 Stat. 35; Act June 5, 1920, c. 241, 41 Stat. 977), is strictly a war measure, finding its sanction in the constitutional provision, art. 1, § 8, cl. 11, empowering the Congress "to declare War, grant Letters of Marque and-Reprisal, and make Rules concerning Captures on Land and Water." Brown v. United States, 8 Cranch, 110, 126 (3 L. Ed. 504); Miller v. United States, 11 Wall. 268, 305, 20 L. Ed. 135.

[1, 2] Under these broad powers, the Act providing for seizure and sequestration through executive channels of property "believed" to be enemy-owned has been held constitutional because of the adequate provisions made by the Act for a return of the property in case of mistake; and because of these provisions—which fully meet the due process of law guarantee—the Supreme Court has held that enemy ownership need not be judicially determined before the property can be seized. The action by the Alien Property Custodian brought in a District Court to enforce his demand for property, which after investigation he has determined to be enemy-owned, is held, therefore, to be a purely possessory action, leaving the party claiming title to a subsequent suit. Grant Timber & Mfg. Co. v. Gray, 236 U. S. 133, 35 Sup. Ct. 279, 59 L. Ed. 501. We find no irregular or insufficient action on the part of the Alien Property Custodian in the demand, investigation and determination prescribed by the Act and agree with the District Court that, the property in question being held for the joint account of a neutral and an alien enemy, and being in one aspect under the sole control of the alien enemy as to its withdrawal, possession and disposition, it was properly regarded, in this initial proceeding, as enemy-owned property liable to seizure by the Alien Property Custodian. Therefore, neither for itself as trustee nor for either cestui que trust was the Trust Company justified in withholding delivery of the property under the Act as it was passed and amended.

[3] Nor do we think that the Act as passed and amended has been repealed or otherwise affected by the armistice, the Peace Resolution of Congress, or the Treaty with Germany. While hostilities ceased and peace was es-established by one of these events, the Act, not containing self-limiting terms and not being expressly repealed, remains the law. The decree of the District Court by which the law, as applied to this case, is enforced, must therefore be

Affirmed.