## AHRENFELDT *v.* MILLER, AS ALIEN PROPERTY CUSTODIAN.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 576.   Argued April 13, 1923.—Decided April 23, 1923.

Decided upon the authority of *Commercial Trust Co.* v. *Miller, ante,* 51.

282 Fed. 944, affirmed.

APPEAL from a judgment of the Circuit Court of Appeals which affirmed an order of the District Court denying the appellant's petition for leave to intervene in the case above cited.

*Mr. Selden Bacon* for appellant.

*Mr. James A. Fowler,* Special Assistant to the Attorney General, with whom *Mr. Solicitor General Beck* was on the brief, for appellee.

MR. JUSTICE McKENNA delivered the opinion of the Court.

Ahrenfeldt, the appellant, filed a petition in the District Court in the case of *Garvan* v. *Commercial Trust Co.,* (in this Court, *Commercial Trust Co.* v. *Miller,* No. 575, *ante,* 51) for leave to intervene, alleging that

he was an American citizen residing abroad since January 1st, 1914, in France, England and Switzerland, having no residence in any judicial district of the United States during that time.

He further alleged that he was the admitted separate owner of an identified portion of the securities and cash deposited with the Commercial Trust Company as mentioned in cases Nos. 575 and 292, *ante,* 51, 58, and that his " petition for leave to intervene related solely to his own separate property."

The District Court denied his petition and its order was affirmed by the Circuit Court of Appeals. The grounds of affirmance, the Court, through Circuit Judge Woolley, expressed as follows:

" At the hearing in Commercial Trust Company of New Jersey *v.* Thomas W. Miller, as Alien Property Custodian, 275 Fed. 841, the appellant, Charles J. Ahrenfeldt, presented a petition for leave to intervene and have determined by the District Court his claim to ownership of a part of the property in process of seizure. The District Court denied the petition, holding that the question sought to be litigated by Ahrenfeldt can be raised only after the demand of the Alien Property Custodian has been complied with, and then only by proceedings authorized by Section 9 of the Act, as amended June 5, 1920. That the District Court was right is established by the decisions of the Supreme Court in *Central Union Trust Co.* v. *Garvan,* 254 U. S. 554, and *Stoehr* v. *Wallace,* 255 U. S. 239.

" The order is affirmed."

It is manifest that the case is identical in legal principle, and to a certain and material extent in contentions, with cases Nos. 575 and 292, and is necessarily involved in their ruling.

The decree of the Circuit Court of Appeals affirming the decree of the District Court is

*Affirmed.*