**McGRATH, Atty. Gen.**
v.
**AMERICAN NAT. BANK OF DENVER.**
Civ. No. 3754.

United States District Court, D. Colorado.

Dec. 8, 1953.

Charles S. Vigil, U. S. Atty., of Denver, Colo., Harold I. Boynton, James D. Hill, Albert Parker, and William H. Arkin, Washington, D. C., for plaintiff.

Pershing, Bosworth, Dick & Dawson, Fritz A. Nagel, Denver, Colo., for defendant and Schaetzel & Schaetzel, Philip G. Gregg, Denver, Colo., for intervenors.

KNOUS, District Judge.

The matter is presently before this Court upon the motion of Conrad Bantel, Bertha Spengler, Helene Lieb and Wilhelm Nagel for leave to intervene, and upon the motions by both the plaintiff and defendant to dismiss this proceeding.

This action was filed by the plaintiff as successor to the Alien Property Custodian for the enforcement of a Vesting Order 17921, dated May 24, 1951, issued under the authority of The Trading With the Enemy Act, as amended, Title 50 U.S.C.A.Appendix, § 1 et seq., and Executive Order 9193, as amended, 50 U.S.C.A.Appendix, § 6 note, which covered a certain undivided two-thirds interest in a trust estate in the possession, custody and control of the defendant acting as trustee for the alien beneficiaries to same, being also the petitioners herein.

Following certain procedural steps the defendant complied with the above-numbered Vesting Order and paid over to the plaintiff the undivided two-thirds interest in and to the property in question, being the relief sought in the complaint herein.

The petitioners thereafter filed their motion for leave to intervene under the provisions of Rule 24 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Oral argument, supplemented by briefs, has been had upon petitioners' motion for leave to intervene.

■ After analyzing the arguments submitted herein the conclusion seems inescapable that the petitioners' motion for leave to intervene must be denied. The cases interpreting the appropriate section of The Trading With the Enemy Act, Title 50 U.S.C.A.Appendix, § 17 are unanimous in concluding that actions commenced in the district court under this section are summary proceedings to compel delivery of possession of enemy-owned property which has been effectively seized by a valid vesting order, leaving the party claiming title thereto to a subsequent suit. Clark v. Manufacturers Trust Co., 2 Cir., 169 F.2d 932; McGrath v. Manufacturers Trust Co., 338 U.S. 241, 70 S.Ct. 4, 94 L.Ed. 31; Hicks v. Baltimore & Ohio Ry. Co., D.C., 10 F.2d 606; Commercial Trust Co. v. Miller, 3 Cir., 281 F. 804; Id., 262 U.S. 51, 43 S.Ct. 486, 67 L.Ed. 858; In re Miller, 2 Cir., 281 F. 764; Schaefer v. Miller, 262 U.S. 760, 43 S.Ct. 519, 67 L. Ed. 1220; Garvan v. Commercial Trust Co. of New Jersey, D.C., 282 F. 943; and Ahrenfeldt v. Miller, 262 U.S. 60, 43 S.Ct. 490, 67 L.Ed. 863.

A case which seems to be particularly pertinent to the question herein raised by petitioners' motion for leave to intervene, is Clark v. E. J. Lavino & Co., D.C., 72 F.Supp. 497, wherein the opinion stated:

"An action instituted under section 17 of the Trading with the Enemy Act by the Attorney General as successor to the Alien Property Custodian is a 'summary proceeding', ancillary to the capture of enemy property by the United States in time of war, to obtain possession of property which Alien Property Custodian has determined to be enemy property, and the proceeding is purely possessory and involves no adjudication of title to the property."

■ Intervention is not contemplated by the Act in a Section 17 proceeding, such as the Court now has under consid-

eration, since the effect would be to enlarge the scope beyond a summary possessory proceeding. The determination sought by petitioners is confined to an action in the appropriate court under Section 9(a) as was pointed out in Heyden Chemical Corp. v. Clark, D.C., 85 F.Supp. 949, 952, wherein it was stated:

"Section 9(a) of The Trading With The Enemy Act provides the exclusive remedy available to a person claiming vested property. It states that only where a person claims 'any interest, right, or title', the claimant may sue to establish the 'interest, right, title' and, if established, the court shall order the transfer or delivery of the property. * * * "

The petitioners' motion for leave to intervene being so disposed of, it follows that the motions of plaintiff and defendant to dismiss should be granted since all the relief sought herein has been satisfied by the voluntary act of defendant and consequently there remains no controversy unresolved between the original parties hereto. It is, therefore,

Ordered, Adjudged and Decreed that petitioners' motion for leave to intervene be and the same is denied, and the motions of plaintiff and defendant to dismiss be and the same are granted.