**BANTEL et al.**

v.

**McGRATH, Attorney General et al.**

No. 4875.

United States Court of Appeals,
Tenth Circuit.

Aug. 18, 1954.

Rehearing Denied Sept. 29, 1954.

Jacob Schaetzel, Denver, Colo. (Schaetzel & Schaetzel, Denver, Colo., on the brief), for appellants.

Irwin A. Seibel, Washington, D. C. (Dallas S. Townsend, Asst. Atty. Gen., Director, Office of Alien Property, Donald E. Kelley, U. S. Atty., Dist. of Colorado, Denver, Colo., James D. Hill, George B. Searls, Washington, D. C., on the brief), for appellee J. Howard McGrath.

Before HUXMAN and MURRAH, Circuit Judges, and RITTER, District Judge.

MURRAH, Circuit Judge.

This is an appeal from an order of the District Court of Colorado denying the Appellants' application to intervene in this action by the Attorney General of the United States under § 17 of the Trading with the Enemy Act, 50 U.S.C. A.Appendix, § 17, Act Oct. 6, 1917, c. 106, § 17, 40 Stat. 425, against the American National Bank of Denver, as trustee, to enforce a vesting order for the possession of property belonging to the Appellants, resident German nationals and beneficiaries under a revocable trust executed in the United States by the settlor citizen thereof.

Intervention under Rule 24(a), Fed. Rules Civ.Proc. 28 U.S.C.A. was denied on the grounds that it was not contemplated in a summary-possessory proceedings under § 17 of the Act, and the property having been turned over to the possession of the Attorney General subsequent to the institution of the proceedings, no litigable issue survived; that the beneficiaries' sole recourse for a determination of any right, title or interest in the property was under § 9 of the Act, Oct. 6, 1917, c. 106, § 9, 40 Stat.

419, last amended Aug. 24, 1937, c. 745, 50 Stat. 748, 50 U.S.C.A.Appendix, § 9. We agree with the trial court.

The undisputed facts are that the settlor died on April 24, 1950, seized of certain property of which the American National Bank of Denver was trustee under a revocable trust, by the last terms of which the Appellants were the beneficiaries of an undivided interest. After administratively determining that the Appellant beneficiaries were residents and enemy nationals of Germany, the Attorney General, as successor to the Alien Property Custodian, issued an order under § 5(b)(1)(B), Oct. 6, 1917, c. 106, § 5, 40 Stat. 415, last amended Dec. 18, 1941, c. 593, Title III, § 301, 55 Stat. 839, and § 7(c), Oct. 6, 1917, c. 106, § 7, 40 Stat. 416, Nov. 4, 1918, c. 201, § 1, 40 Stat. 1020 of the Trading with the Enemy Act, 50 U.S.C.A.Appendix, §§ 5 (b)(1)(B), 7(c); Executive Order 9193, 3 C.F.R. 1943, Cum.Supp., 1174, and Executive Order 9788, 11 F.R. 11981, 50 U. S.C.A.Appendix, § 6 note, vesting in himself for the benefit of the United States the property held by the trustee bank for the alien beneficiaries. When the bank refused to comply with the vesting order this enforcement proceedings was commenced.

Thereafter the bank turned over the property to the Attorney General and moved to dismiss the action on the ground that the case was mooted.

The Appellants then sought to intervene, attacking the validity of the vesting order on the grounds that since their interest in the property did not accrue until the final revision of the trust instrument on April 14, 1947, it was exempt from the vesting provisions of the Act by Treasury General License No. 94, as amended March 4, 1947, 31 C.F.R., 1947 Supp. 131.94, granting a general license to German nationals to transfer property acquired after December 31, 1946; that by force of such license they had no interest subject to the vesting order and the court should have so declared. Invoking Rule 24(a), F.R.C.P., Appellants are said to have an absolute

right to intervene because their interests in the subject matter were inadequately represented when the trustee acquiesced in the vesting order; and that they will be bound by the judgment in the proceedings.

■■■ For purposes of our case, we may assume that the Appellants' interests in the subject matter of the proceedings were inadequately represented by the acquiescing trustee and that they would be bound by the finality of the vesting order upon the dismissal of the § 17 proceedings. We, nevertheless, seriously question the right of the Appellants to intervene after the *fait accompli*. The proceedings under § 17 of the Trading with the Enemy Act, being limited to summary enforcement of possession of property administratively determined to be enemy-owned, do not authorize the court to compel the Attorney General to return the property after compliance with the vesting order. See Commercial Trust Co. of New Jersey v. Miller, 262 U.S. 51, 43 S.Ct. 486, 67 L. Ed. 858. It seems sufficient, therefore, to say that the Appellants seek to intervene in a mooted case. Mooted for two reasons—first because the property is now in the custody of the Attorney General by virtue of the finality of his vesting order, and second, since the relief sought against the Attorney General is personal to him, and the present Attorney General not having been substituted pursuant to Rule 25(d), F.R.C.P., the action has abated, and there is therefore no suit pending in which the Appellants could intervene. Becker Steel Co. of America v. Hicks, 2 Cir., 1933, 66 F.2d 497; Kuttroff v. Sutherland, 2 Cir., 1933, 66 F.2d 500; Snyder v. Buck, 340 U.S. 15, 71 S.Ct. 93, 95 L.Ed. 15; Cf. Tom Wing Po v. Acheson, 10 Cir., 214 F.2d 661 and cited cases.

■■ And the judgment must also be affirmed on the grounds stated by the Trial Court, namely that § 17 does not contemplate an intervention by one challenging the power of the Attorney General to take possession of enemy-owned property.

■■■ As we have seen, the scope of a § 17 proceedings is limited to the enforcement of a vesting order issued by the Attorney General pursuant to an administrative determination under § 5(b)(1)(B) and § 7(c) of the Trading with the Enemy Act that the property sought to be vested was enemy-owned. See Commercial Trust Co. v. Miller, 262 U.S. 51, 43 S.Ct. 486; Stoehr v. Wallace, 255 U.S. 239, 41 S.Ct. 293, 65 L.Ed. 604; Central Union Trust Co. of New York v. Garvan, 254 U.S. 554, 41 S.Ct. 214, 65 L.Ed. 403; Hicks v. Baltimore & O. R. Co., D.C., 10 F.2d 606; Clark v. E. J. Lavino & Co., D.C., 72 F.Supp. 497. In such enforcement proceedings the determination that the property is enemy-owned is conclusive, even though erroneous. Becker Steel Co. of America v. Cummings, 296 U.S. 74, 79, 56 S.Ct. 15, 80 L.Ed. 54.

■■ Certainly Rule 24(a), F.R.C.P. does not grant the right of intervention to try an issue outside the authorized scope of the § 17 proceedings, for it was not intended to enlarge upon the jurisdiction of the court. The net effect of the petition of intervention is to assert an interest in the vested property by seeking to disprove the administrative determination that the property in question is enemy-owned. Such a claim is obviously not within the scope of a § 17 proceedings, but is expressly and exclusively covered in § 9(a) of the Act giving non-enemy owners a right to maintain a suit for the recovery of seized property. See Becker v. Cummings, supra; Garvan v. Commercial Trust Co. of New Jersey, D.C., 282 F. 943; affirmed 262 U.S. 60, 43 S.Ct. 490, 67 L.Ed. 863; Heyden Chemical Corp. v. Clark, D.C., 85 F.Supp. 949; Clark v. E. J. Lavino & Co., supra.

Intervention was properly denied and the judgment is affirmed.