**Herbert BROWNELL, Jr., Attorney General of the United States, Plaintiff,**

**v.**

**The NEW YORK TRUST COMPANY, 100 Broadway, New York City, Defendant.**

United States District Court
S. D. New York.
Feb. 11, 1958.

Dallas S. Townsend, Asst. Atty. Gen., Paul W. Williams, U. S. Atty., Southern Dist. of New York, New York City, George B. Searls, James H. Falloon, Royal J. Voegeli, Attys., Dept. of Justice, Washington, D. C., for plaintiff.

White & Case, New York City, for defendant New York Trust Co., A. Hayne deYampert, New York City, of counsel.

Doman & Van Heemstra, New York City, for Julius Tsuk and Rudolf Tsuk, applicants for intervention.

IRVING R. KAUFMAN, District Judge.

This is an action under Section 206 of the International Claims Settlement Act of 1949 as amended (69 Stat. 562, 22 U.S.C.A. § 1631e) for the recovery of $9,895.75 held by defendant as a credit balance in an account entitled "Kurschner & Rauchwarenfabrik A. G." (hereinafter referred to as K & R) which was vested by plaintiff by Vesting Order No. SA-156 on February 7, 1957. Defendant has moved pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. for an order dismissing the action as to $3,363.63 and granting summary judgment in its favor for that amount. Another motion has been made by Julius and Rudolf Tsuk for permission to intervene as plaintiffs in this proceeding under Rule 24(a) (2) and (3). Both motions are before the Court.

█ The account in question was opened in the defendant bank some time in 1939. In 1941 the account was blocked in accordance with Executive Order 8389 (5 Fed Reg. 1400, 12 U.S.C.A. § 95a, note) and its status remained unchanged until 1953 when Julius and Rudolf Tsuk claiming to be the proprietors and sole stockholders of K & R obtained a license from the plaintiff authorizing the defendant to pay the proceeds from the account to them. The defendant, however, treating the license as merely permissive refused to turn over the proceeds as authorized unless a satisfactory bond was posted. Thereafter, an action was commenced by K & R, Julius Tsuk and Rudolf Tsuk to compel payment of the account. On motion of the defendant the action was dismissed as to the individual claimants on the ground that the license was merely permissive and that no allegation had been made that the deposit had been transferred from the corporation to the individual Tsuks or that they had any right therein except as officers of the corporation, Kuerschner & Rauchwarenfabrik, A. G. v. New York Trust Co., D.C.S.D.N.Y.1954, 126 F. Supp. 684. The remaining corporate cause of action was subsequently consolidated with an action instituted by the Pannonia Fur Company, as the alleged successors to K & R, to recover the funds deposited in the account. This action is still pending.

On February 7, 1957, the plaintiff revoked the license previously issued and pursuant to Section 202 (22 U.S.C.A. § 1631a) vested the account in question. The defendant has refused to turn over the property claiming that it was entitled to the sum of $3,363.63 as costs which were allegedly incurred in protecting the fund in the legal proceedings referred to above. In consequence thereof plaintiff has commenced the instant proceeding to recover the full deposit of $9,895.75 vested by Vesting Order No. SA-156.

In support of its motion for partial summary judgment the defendant alleges that it was duty bound to protect the account against the claims of third parties and that accordingly it should be entitled to reimbursement for its expenses incurred pursuant to the exercise of this duty. Defendant proceeds under three theories, any of which it alleges will sustain recovery of its expenses. It is defendant's position (1) that the said amount is taxable as costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure; (2) that the said amount is allowable as a set-off and (3) that said amount constitutes a lien for expenses incurred in protecting the fund prior to vesting by plaintiff.

The power of the plaintiff to vest the property sought in this action is derived from Section 202(a) of the Act (22 U.S. C.A. § 1631a(a) which provides that property "shall vest in such officer or agency as the President may from time to time designate and shall vest when, as, and upon such terms as the President or his designee shall direct". In this case the Vesting Order vested:

"That certain debt or other obligation of The New York Trust Company, 100 Broadway, New York, N. Y. arising out of an account in the name of Kurschner & Rauchwarenfabrik A. G., Kiraly Ucca 35, Budapest VI, Hungary, maintained by the aforesaid company together with

any and all rights to demand, enforce and collect the same".

By virtue of this vesting order, plaintiff took over all the interest in the property; he vested the res itself as distinguished from a claim to it and thereby became entitled to its possession. The present action is but a form of summary proceeding to compel delivery of possession of property already seized by its vesting order. Being summary in nature a suit to enforce a res vesting order does not operate to deprive any class of creditors of rights but seeks merely to take possession for purposes of administration under the statute. Zittman v. McGrath, 1951, 341 U.S. 471, 71 S.Ct. 846, 95 L.Ed. 1112; Central Union Trust Co. of New York v. Garvan, 1921, 254 U.S. 554, 41 S.Ct. 214, 65 L.Ed. 403. The means for securing return of the vested property and payment of debts out of the funds realized from the property are specifically prescribed by Sections 207 and 208 (22 U.S.C.A. §§ 1631f, 1631g)[1] and questions of title or rights in or to the property cannot be determined in this proceeding but must be left for future adjudication according to the procedures provided by Congress. See Zittman v. McGrath, supra.

It has been suggested that where seizure is sought of a debt, the validity or extent of which is contested by the debtor a summary vesting may be successfully defeated. See Clark v. Manufacturers Trust Co., 2 Cir., 1948, 169 F.2d 932, judgment vacated sub nom. McGrath v. Manufacturers Trust Co., 1949, 338 U.S. 241, 70 S.Ct. 4, 94 L.Ed. 31. However, in this case the defendant cannot deny the existence of the debt forming the subject of the vesting order. Any interest that defendant may have acquired in the res admittedly arose subsequent to the freezing of the account by Executive Order 8389. The blocking of the account effectively immobilized the assets covered so that title to them might not shift from person to person except by license. Propper v. Clark, 1949, 337 U.S. 472, 69 S.Ct. 1333, 93 L.Ed. 1480; Orvis v. Brownell, 1953, 345 U.S. 183, 73 S.Ct. 596, 97 L.Ed. 938. It does not appear from the papers before me that defendant ever obtained a license itself to acquire an interest in the blocked account. Consequently, though it may have rights against the various claimants to the account it has no interest in the res itself sufficient to defeat the summary proceedings instituted by the Government. Of course, if it can be shown that the license which authorized payment to Julius and Rudolf Tsuk impliedly licensed defendant to apply its expenses necessary to the protection of the fund against the res and that such rights were actually asserted prior to vesting a different question might be presented. See Brownell v. National City Bank of New York, D.C.S.D.N.Y.1955, 131 F.Supp. 60. However, this inquiry involves factual questions and cannot be undertaken in a motion of this kind. Rather, on the basis of the facts before me I must find defendant's unlicensed interest ineffective to resist the plaintiff's reduction of the res to its possession.

By the motion to intervene Julius and Rudolf Tsuk seek affirmative relief against the defendant and a declaratory judgment as to the status of the property which was vested by the plaintiff and possession of which is sought by the plaintiff. I have already indicated that the claim which the applicants seek to assert through intervention in the instant action is one that should be advanced in the form of a claim for return of the vested property filed pursuant to Section 207 (22 U.S.C.A. § 1631f). Intervention is not contemplated by the Act in a summary proceeding of this character. See McGrath v. American National Bank of Denver, D.C.Colo.1953, 117 F.Supp. 133.

The motions for summary judgment and for permission to intervene are denied. So ordered.

---

1. These sections expressly provide that the remedies provided therein are the exclusive means of asserting such rights to or in the vested property. 22 U.S.C.A. §§ 1631f(c), 1631g(i).