## UNITED STATES TRUST COMPANY OF NEW YORK, ANCILLARY ADMINISTRATOR OF WESCHE, *v.* MILLER, AS ALIEN PROPERTY CUSTODIAN.

### APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEW JERSEY.

No. 292.   Argued April 13, 1923.—Decided April 23, 1923.

Decided upon the authority of *Commercial Trust Co.* v. *Miller, ante,* 51.
Affirmed.

APPEAL from an order of the District Court denying a petition for leave to intervene in the case above cited.

*Mr. Selden Bacon* for appellant.

*Mr. James A. Fowler,* Special Assistant to the Attorney General, with whom *Mr. Solicitor General Beck* was on the brief, for appellee.

MR. JUSTICE McKENNA delivered the opinion of the Court.

This case was argued and submitted with No. 575, *Commercial Trust Co.* v. *Miller,* just decided, *ante,* 51. It is a petition for leave to intervene in the latter suit instituted (as we have seen) by Francis P. Garvan, then Alien Property Custodian, Miller subsequently succeeding him. That suit is here on appeal from the United States Circuit Court of Appeals for the Third Circuit, this suit is here on appeal from the District Court of the United States for the District of New Jersey, a constitutional question being, it is contended, involved. "The District Court," the assertion is, "months after peace had been declared, denied Wesche's petition to intervene,

and awarded conveyance and delivery of what was admittedly his separate property, to the Custodian."

In support of these contentions and their pertinency and control, counsel's comment is that the Custodian made two demands for the property, but " that these demands were both made while the act forbade recourse by any claimant to any court to review any seizure thereunder by the Custodian, save the United States District Court for the district in which the claimant resided. The amendment permitting suit in the Supreme Court for the District of Columbia was added only by the Act of July 11th, 1919. And Wesche, a neutral, separate owner of part of the property, and custodian of it all, resided in Switzerland, and Ahrenfeldt, an American citizen, separate owner of part of the property, was residing throughout the war in England, France or Switzerland."

And the further argument is that " seizure under such circumstances was unconstitutional " and that " mere demands " by the Custodian " did not constitute constructive capture, and even constructive capture was not completed before peace came."

This statement is enough preliminarily to the understanding and appreciation of Wesche's fundamental contentions which are that the conditions of the act were not complied with before suit and suit, therefore, was not justified. And the unconstitutionality of the act as applied to his case is also urged, and that the defenses were available to him in the suit. The court therefore, is the contention, in denying his petition to intervene, committed error.

The case, it will be observed, is identical in legal aspects with *Commercial Trust Co.* v. *Miller.* Here, as there, Wesche's interest is asserted in the property, here by himself, there by the Trust Company. Here, as there, the conditions of suit were asserted not to have been performed; here, perhaps with more emphasis, as there, the

unconstitutionality of the act is argued; here, as there, it is urged that these contentions constituted defenses that could be made in the suit, and that relief was not only through the "filing of a claim and instituting proceedings as provided by Section 9 of the Trading with the Enemy Act."

We repeat, therefore, the cases are identical and upon the authority of that case, the order of the District Court denying Wesche's petition for intervention is

*Affirmed.*