616

## MOORE v. PATE et al.
### No. 5753.

Circuit Court of Appeals, Fifth Circuit.
April 7, 1930.

John Brunini, of Vicksburg, Miss., and S. D. Redmond, of Jackson, Miss. (Brunini & Hirsch, of Vicksburg, Miss., and S. R. Redmond, of Jackson, Miss., on the brief), for appellant.

Marcellus Green and Garner W. Green, both of Jackson, Miss. (Chalmers Potter, of Jackson, Miss., on the brief), for appellees.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge.

Appellant filed a bill in the federal District Court to establish title in himself to, and to recover, an undivided half interest in a city lot, and then to sell the lot and divide the proceeds of sale equally between him and appellee Pate, who was alleged to be the owner of the other half interest. Pate was then in possession of the lot, claiming that he was sole owner of it. A few days later he brought suit in the state court against appellant to remove the latter's claim of title as a cloud upon his title. Appellant appeared in that suit and moved to dismiss it for want of jurisdiction, because of the prior pendency of his suit in the federal District Court, and because also he was a citizen of another state. The state court denied this motion and subsequently entered a decree holding that Pate was the sole owner of the lot as he claimed to be. Pate then answered the suit brought against him by appellant, and pleaded the decree in the state court as res judicata. That plea was at first overruled upon confession by counsel for appellee that it was null and void, and an order was entered allowing the parties to amend their pleadings so as to conform to proof which had theretofore been taken. But in amending his pleadings appellant again attacked the state court decree as void, and prayed that it be set aside and canceled, thus showing, as is contended by appellee, that the previous order overruling the plea of res judicata had been set aside. It is certain that the district judge so considered the matter, for he dismissed appellant's bill on the ground that that plea constituted a good defense.

So we conclude that the only question here is whether the plea of res judicata was good. And we are of opinion that it was. The District Court had never taken actual or constructive possession of the lot. Whether it would ever do so depended upon the undetermined question whether appellant was the owner of a half interest as alleged. That question was determined adversely to him in the state court, in which he voluntarily appeared to challenge its jurisdiction of the subject-matter. Whether that court had such jurisdiction was a question for it to decide. The decree which it subsequently entered could not be collaterally attacked, but, in order to get rid of it, appellant was bound to take a direct appeal. Lion Bonding Co. v. Karatz, 262 U. S. 77, 90, 43 S. Ct. 480, 67 L. Ed. 871.

The decree is affirmed.