In the Matter of the Liquidation of YOKOHAMA SPECIE BANK, LTD. SUPERINTENDENT OF BANKS OF THE STATE OF NEW YORK, Petitioner; CREDIT SUISSE ZURICH et al., Respondents.

Supreme Court, Special Term, New York County, November 12, 1946.

---

* See *People* v. *Ezon,* 188 Misc. 128.— [REP.

*Daniel Gerson* and *Edward Feldman* for petitioner.

*John F. X. McGohey, United States Attorney* (*John F. Sonnett, Harry Le Roy Jones* and *Louis P. Haffer* of counsel), for United States of America.

*Milbank, Tweed, Hope, Hadley & McCloy* for Credit Suisse Zurich, respondent.

*Davis Polk Wardwell Sunderland & Kiendl* for Marquise de San Carlos, respondent.

*Reese D. Alsop* and *Helen F. Tuohy* for Kirke La Shelle, Jr., and others, respondents.

*Henry P. de Vries, Roy L. Steinheimer, Jr.,* and *Richard G. Powell* for Banque Belge pour l'Etranger (Overseas), Ltd., respondent.

SHIENTAG, J. The Superintendent of Banks applies for an order authorizing him to pay over to the Alien Property Custodian certain funds which the superintendent holds as liquidator of the New York agency of the Yokohama Specie Bank. Bondholders who claim to be beneficiaries of a trust of the funds in question oppose the application. The United States Attorney supports the application.

On February 15, 1943, by Vesting Order No. 915 (8 Federal Register 2457), the Alien Property Custodian found that the Yokohama Specie Bank was a national of a designated enemy country and vested in himself the " excess proceeds " of the bank's property in New York remaining in the possession of the Superintendent of Banks after the payment of creditors whose claims were established in accordance with the New York Banking Law. On March 22, 1943, by Vesting Order No. 1095 (8 Federal Register 4527), the custodian found that obligors of certain bonds were a designated enemy country and nationals thereof, and vested in himself all the interest, if any, of these obligors in certain accounts of the Yokohama Specie Bank in the Guaranty Trust Company and on the bank's own books.

On July 23, 1946, the Alien Property Custodian served two turnover directives on the Superintendent of Banks. These contained, *inter alia,* the following findings and determinations: (1) the account in the Guaranty Trust Company (and a similar, smaller account in the Swiss bank corporation), did not constitute a trust fund for the benefit of the bondholders, but was a deposit account maintained by the Yokohama Specie Bank in which it deposited sums forwarded by the obligors of the bonds; (2) the sums represented on the books of the Yokohama Specie Bank as credit balances owing to the obligors did not constitute a trust fund for the benefit of the bondholders, but represented obligations owing by the bank to the obligors; (3) the property described in (1) and (2) above was property

that was vested in the Alien Property Custodian by Vesting Orders Nos. 915, 1095.

The various opponents of the application make the following· arguments: (1) the Alien Property Custodian has no authority to vest these funds in himself, since they are trust funds for the benefit of the bondholders; (2) actions against the Superintendent of Banks by bondholders, instituted prior to the turnover directives — which actions would determine the interest of the bondholders in these funds — placed the matter before the State court, where it should remain; (3) the custodian's determinations are not conclusive and the rights of the bondholders should be decided by this court upon the facts; (4) assuming the custodian does have the authority claimed, he has not exercised it; (5) if the Trading with the Enemy Act (U. S. Code, tit. 50, Appendix, § 1 *et seq.*) authorizes the custodian to take possession, there is no occasion for the granting of the order which the Superintendent of Banks seeks.

The authority of the Alien Property Custodian to take possession of what he determines to be the property of enemy nationals, and the conclusiveness of his determinations except in the procedures specifically provided by the statute, have for some time been a matter of settled law (Act, § 5, subd. [b]; § 7, subd. [c]; U. S. Code, tit. 50, Appendix, § 5, subd. [b]; § 7, subd. [c]; *Central Trust Co.* v. *Garvan,* 254 U. S. 554; *Stoehr* v. *Wallace,* 255 U. S. 239; *Commercial Trust Co.* v. *Miller,* 262 U. S. 51; *U. S. Trust Co.* v. *Miller,* 262 U. S. 58; *Ahrenfeldt* v. *Miller,* 262 U. S. 60; *Becker Co.* v. *Cummings,* 296 U. S. 74; *Miller* v. *Lautenburg,* 239 N. Y. 132; *Silesian-American Corporation* v. *Markham,* 156 F. 2d 793; *Matter of Viscomi,* 270 App. Div. 732). As has been stated and restated in these and other decisions, a finding by the Alien Property Custodian that the property is that of an enemy national is conclusive for purposes of his taking possession, and the rights of those who claim an interest in the property are protected only — and, as a matter of constitutionality, fully — by the exclusive procedure which is provided therefor in the Trading with the Enemy Act. The fact that hostilities have ceased does not affect the statutory powers of the custodian or the constitutional validity of the statutes which grant those powers (*Commercial Trust Co.* v. *Miller,* 262 U. S. 51, *supra; In re Miller,* 281 F. 764, appeal dismissed *sub nom. Schaefer* v. *Miller,* 262 U. S. 760). Thus the first three of the arguments listed above seek to raise questions which, in view of a long and unanimous line of decisions, can no longer be regarded as open.

The only question which can be considered on this application is whether the property in question is property as to which the custodian has made the determination contemplated by the statute. Whatever may be the effect of the two vesting orders, there can be no doubt that the turnover directives embody the custodian's findings that the property involved is property of an enemy country or of nationals thereof. The directives specifically state that the accounts which are the subject of this application constitute such property. Such determinations are equally effective, whether they appear in vesting orders or in turnover directives; the statute does not specify any particular form which the custodian's determinations must take.

The cases cited by the respondents in no way derogate from the authority of the decisions cited above. *Josephberg* v. *Markham* (152 F. 2d 644) and *Draeger Shipping Co.* v. *Crowley* (49 F. Supp. 215) were suits brought *after* the custodian had taken possession and *in accordance with* the procedure prescribed by the statute. The decision in *Matter of Viscomi* (*Crowley*) (183 Misc. 374) was reversed in *Matter of Viscomi* (270 App. Div. 732). In *Allen* v. *Markham* (156 F. 2d 653) what the custodian had vested was not specific property, but merely the *interest of* certain enemy nationals in an estate. The court found that the enemy nationals were not entitled to the property of the estate, and hence the custodian in vesting their interest had vested nothing. The custodian's determination in that case did not deal with the estate itself, but with the enemy nationals' claims against the estate. In the present case, as pointed out above, the custodian has vested the funds themselves. *Nederlandsche P. en A. M.* v. *Interocean Oil Co.* (208 App. Div. 107) refers merely to the effect to be given to the placing of a person's name on an enemy trading list, when that fact was offered, in support of a motion for examination before trial, as proof of the fact that the plaintiff was an enemy alien. *U. S.* v. *Bank of New York Co.* (296 U. S. 463) does not involve the Trading with the Enemy Act; the case dealt with the retention of State court jurisdiction in a situation where there was no statutory provision for exclusive Federal jurisdiction. *Stern* v. *Newton* (180 Misc. 241) supports the position of the petitioner rather than that of the respondents.

As to the argument that, if the Alien Property Custodian is entitled to take possession, there is no need for the issuance of the requested order, it is only necessary to cite section 618 of the Banking Law, which requires the superintendent to secure an order of the court prior to his disposing of the property

of a banking corporation of which he has taken possession. The application is one which it is proper to make, whether or not the same result could be accomplished without a court order.

The granting of this application does not involve any acquiescence in the finding of the Alien Property Custodian that the funds in question are not trust funds. The ownership of the funds is a matter for the exclusive determination of the custodian in the first instance, and, if it is sought to challenge his finding, for the courts specified in the Trading with the Enemy Act. This court is without power to pass upon the question, and expresses no opinion as to validity or invalidity of the custodian's finding. Settle order.