In the Matter of the Accounting of JAMES W. GERARD et al., as Executors of MARGARET P. DALY, Deceased.

Surrogate's Court, New York County, May 27, 1947.

*Goldwater & Flynn* for petitioners.

*David Stock* for Marcus Daly, respondent.

*Tom C. Clark, Attorney General of the United States (John F. X. McGohey* of counsel), as successor to the Alien Property Custodian, as a person interested by virtue of turnover directives of legacies to Count Anton Sigray and Amelia Zeh, respondent in person.

COLLINS, S. The petitioners in this accounting proceeding ask that they be directed to turn over to themselves as executors appointed by the District Court of the Fourth Judicial District of the State of Montana, in and for the County of Ravalli, sufficient funds so that the legacies under the will of decedent of $25,000 to Count Anton Sigray, who was at the time of the decedent's death a resident and national of Hungary, and of $1,000 to Amelia Zeh, who was at that time a resident and national of Germany, may be paid by such Montana executors to the person or persons entitled thereto as may be determined by a court of competent jurisdiction in the State of Montana. The Attorney General of the United States has appeared in this proceeding and has filed objections, the purport of which is a claim to the afore-mentioned legacies and a demand that they be paid over to him.

The will of decedent was offered for probate in this court as the will of a nonresident of the State of New York. It was admitted to probate here, the decree, however, reserving the question of the domicile of the decedent for future determination. Thereafter this court determined that the decedent was domiciled at the time of her death in the State of Montana and not in the State of New York. Subsequently the will of decedent was admitted to probate in the aforesaid Montana court and the petitioners here were appointed executors by that court.

By vesting order dated July 12, 1943, filed in this court the then Alien Property Custodian found and determined that Count Anton Sigray and Amelia Zeh were nationals of designated enemy countries, Hungary and Germany, respectively, and vested the entire interests of these legatees in the estate of the decedent. By Presidential executive order, the Attorney General of the United States succeeded to the rights of the Alien Property Custodian. Thereafter the Attorney General served upon the petitioners and filed in this court two turnover directives. The turnover directives respectively found and determined that $25,000 and $1,000 now in the possession of the petitioners as

executors appointed by this court constitute property bequeathed to Count Anton Sigray and Amelia Zeh, respectively, which was vested in the Alien Property Custodian by the aforesaid vesting order and transferred to the Attorney General by executive order. The turnover directives further required that the said sums be turned over to the Attorney General of the United States.

The basis of the petitioners' request that they be directed to turn over these legacies to themselves as executors appointed by the Montana court was that there might be a conflict of interest in said legacies between the Attorney General of the United States and the State of Montana because Montana might claim that since the decedent was domiciled there at the time of her death the legacies escheated to it. It appears that subsequently the State of Montana did file in the aforesaid Montana court objections to the distribution of the interests of the legatees and asserted a claim thereto by virtue of its statutes. The State of Montana sent a certified copy of such objections and claim to the attorneys for the petitioners.

It also appears that there is presently pending, but undetermined, in the United States District Court for the Southern District of New York, an action by the Attorney General of the United States against the executors appointed by this court, the petitioners herein, in which the Attorney General asks that he be adjudged and declared to be entitled to the possession of the said legacies and that the said executors be directed to turn over to him pursuant to the vesting order and turnover directives the amount of the legacies immediately upon completion of the administration of the decedent's estate in this court.

In view of the vesting order and the turnover directives this court has no alternative but to determine that pursuant thereto the legacies in question must be paid by the executors appointed by this court to the Attorney General of the United States as successor to the Alien Property Custodian. (*Matter of Yokohama Specie Bank*, 188 Misc. 137.) It would appear that any claim of the State of Montana with reference to these legacies would have to be prosecuted in accordance with the Trading with the Enemy Act against the Attorney General of the United States after payment of the funds to him. (*Matter of Yokohama Specie Bank* [*supra*]; *Matter of Littman*, 176 Misc. 679.) It would further appear that the Trading with the Enemy Act itself (§ 5, subd. [b], par. [2]; § 7, subd. [c]; U. S. Code, tit. 50, Appendix, § 5, subd. [b], par. [2]; § 7, subd. [c]) fully protects the executors from liability in making these payments to the Attorney General.

Accordingly the petitioners are directed to pay to the Attorney General of the United States as successor to the Alien Property Custodian the sums of $25,000 and $1,000 respectively, with interest thereon at the rate of 6% per annum from May 7, 1942, seven months after the appointment of the petitioners as executors by this court, in full payment of the legacies bequeathed under the will. of the decedent to Count Anton Sigray and Amelia Zeh.

All of the other relief prayed for in the petition is granted.

Submit decree on notice directing payment in accordance herewith and settling the account.