**McGRATH, Atty. Gen., v. WARD et al.**
**Civ. No. 50–60.**

United States District Court
D. Massachusetts.

June 27, 1950.

Charles J. Kalinauskas, Boston, Mass., U. S. Attorney, for plaintiff.

Bennett Sanderson, Boston, Mass., for defendants Madeline Reynolds and Gertrude Field and Rosalie Field.

Marcus Morton, Jr., Boston, Mass., for defendant Henry DeCourcy Ward, Trustee.

Marcus Morton, Jr., Boston, Mass., pro se.

FORD, District Judge.

The Attorney General of the United States brings this action as successor to the Alien Property Custodian under § 17 of the Trading With the Enemy Act, 50 U.S.C.A., Appendix, § 17, and under 28 U.S.C.A. § 1345 to recover immediate possession of the undistributed corpus of a trust of which defendant Ward is trustee and defendant Morton co-trustee with limited powers, and also for a declaration of his rights with respect to said fund. Madeline Reynolds, Gertrude Field, and Rosalie Field, contingent beneficiaries of the trust, are also made defendants. The answers of the defendants admit the factual allegations of the complaint, and also ask for a declaration of rights. The parties have filed cross motions for summary judgment.

The trust was established on July 25, 1941 under an indenture between Marion DeCourcy Ward, the donor, and the trustee and co-trustee. The trustee, after having collected the proceeds of an insurance policy which constituted the principal of the trust and made certain payments to beneficiaries not here involved, now holds the sum of $5,047.14 which is the subject of the present controversy. The distribution of this remaining corpus of the trust is governed by the following provisions of the indenture of trust:

"*FOURTH*: The Trustee, as soon as may be after the receipt of the proceeds from the insurance company shall, after retaining a sum sufficient to pay all reasonable compensation for services and necessary expenses, * * * pay over and distribute the same, free and clear of all trusts, * * * to the beneficiaries or recipients listed herewith the following share * * *: a. Dr. Egbert Mohlau, Bayreutherstrasse 24, Dresden, Germany, one (1) Share * * *.

"In the event of the death of the said Dr. Egbert Mohlau, prior to the transmission of his share by the Trustee for him, one-tenth (1/10) of his share shall be paid or distributed in equal shares to Miss Madeline Reynolds, Miss Gertrude Field and Miss Rosalie Field or to the survivor or survivors of them, or if all shall then have died then in equal shares to their executors or administrators, and the balance of his share shall be paid or distributed to such person or persons and in such proportions as they or the survivor may determine * * *.

"In the event that at any date when the Trustee is ready to make a distribution any of the above named individuals entitled to receive shares or fractional shares shall not be in a position to receive the benefits of all of his share or fractional share, the Trustee shall pay the same and the current or accumulated net income thereof to the respective beneficiary or to others for his or her benefit at such times and in such amounts as he * * * is in a position to receive the benefit of * * *.

"In ascertaining the identity of the said individuals * * *, the fact of any individuals being or not being in a position to receive the benefits of said trust fund or portions thereof, the amount of payment from which he * * * is in a position to benefit, the persons or corporations payment to whom will be to his or her benefit, and the fact of his * * * death, the Trustee shall rely solely on the determination of the Co-Trustee With Limited Powers * * *.

"*FIFTH*: The Co-Trustee With Limited Powers covenants with the Donor that he will exercise his best efforts to determine from time to time the identity of any person claiming to be any one of said individuals being or not being in a position to receive the benefit of the trust fund or portions thereof, the amount of payment from which he * * * may be in a position to benefit, to what person other than the said individuals or to what corporation payments may be made so that he * * * may receive the benefits thereof, and the fact as to his or her death, and to inform the Trustee of any such determination.

" * * * The Co-Trustee With Limited Powers shall have absolute power in his discretion to make the above determin-

ations and the determinations so made by him shall be conclusive and binding for all purposes * * *.

"SIXTH: * * *

"No portion of the trust property, nor any interest therein, shall be assignable by anticipation or capable of being in any way effected by anticipation by an act or agreement on the part of any beneficiary, and the interest of every beneficiary shall be free from attachments and from all other interferences or control on the part of creditors."

■ It is agreed that the beneficiary Mohlau is and at all times material has been a German national resident in Germany. It is further agreed that in virtue of Vesting Order No. 12984, dated March 21, 1949, all right, title, interest, and claim of any kind or character which Mohlau may have in or to the trust funds is now vested in the plaintiff. But the order does not change in any way the terms of the trust instrument, or the nature of the interest of Mohlau which was seized. Plaintiff is entitled to no less and no more than Mohlau himself would be if he were now before the court. Miller v. Rouse, D. C., 276 F. 715. The plaintiff takes the interest subject to any conditions on which it would be dependent if Mohlau himself were to claim it. Clark v. Edmunds, D.C., 73 F.Supp. 390.

■■ The decision, therefore, depends solely on the determination of what rights Mohlau would now have under the terms of the trust instrument. These rights are to be determined under the law of Massachusetts, the domicil of the donor. Bundy v. United States Trust Co., 257 Mass. 72, 79, 153 N.E. 337. The nature of Mohlau's interest depends on the intent of the donor to be ascertained from the words of the instrument itself in the light of the circumstances in which they were used. Eustace v. Dickey, 240 Mass. 55, 72, 132 N.E. 852.

Plaintiff contends that under the terms of the trust Mohlau was given a present gift of a vested interest in his share of the trust fund, and would be entitled to demand immediate payment were he present in court. But such an interpretation cannot be accepted as the one which will properly effectuate the donor's intentions. It is clear from a reading of the whole instrument that the donor intended to give to Mohlau only so much of the share designated for him as would actually avail to his personal benefit. There are no words of present gift to Mohlau, but only a direction to the trustee to "pay over and distribute" his share. Bamford v. Hathaway, 306 Mass. 160, 27 N.E.2d 711. That direction is qualified by the direction to pay the share, with income accumulated thereon, only in such a way that the beneficiary will be in a position to receive the benefit thereof. The provisions for a co-trustee throw further light on the donor's intention by providing that the payment should be subject to careful scrutiny to insure that the beneficiary would personally benefit from any payment. The provisions against assignment or attachment strengthen the view that the donor intended to secure the personal benefit of Mohlau and to prevent the benefit from passing to anyone else claiming to stand as the legal successor to his rights.

Further light on the donor's intent is found in the fact of the contingent gift to defendants Field and defendant Reynolds. It is true that they are to take only in the event of the death of Mohlau prior to "transmission" of his share to him. Plaintiff seems to argue that "transmission" refers only to the physical transfer of the funds, and was intended to cover the situation where because of war-time disruption of communications or war-time restrictions of transfer of funds, it would be impossible to make physical transfer of the share to Mohlau before his death. Such a situation no longer exists, plaintiff argues, since plaintiff now stands before the court in the place of Mohlau, so that there is no problem of transmitting the funds to him. But even on the assumption that "transmission" refers merely to the actual physical transfer of his share to the beneficiary, such transfer still cannot take place until

the other conditions upon payment imposed by the trust instrument have been satisfied. It solves nothing to find that Mohlau's share can now ·be transferred without difficulty. The question still remains whether the plaintiff has any right to demand immediate transfer. The fact that there is a contingent gift to other beneficiaries in the event Mohlau's share is not transmitted to him during his lifetime indicates the donor's intent not merely to postpone payment in case Mohlau is unable to benefit thereby, but to make Mohlau's ability to derive personal benefit from the payment a condition precedent to the vesting of any interest of Mohlau in the trust.

In short, by the explicit provisions of the indenture of trust, no payment is to be made to Mohlau or to anyone else on his behalf unless and until the co-trustee determines. that Mohlau is in a position to receive the benefit of such payment. The co-trustee has made no such determination. He maintains, and rightly, that he cannot make such a determination now, for while the vesting order is in effect payment cannot legally be made to anyone except the plaintiff, and such payment is plainly of no benefit to Mohlau.

The conclusion, therefore, must be that Mohlau, and, consequently, plaintiff as successor to Mohlau's rights, has no right to immediate payment of the undistributed corpus of the trust, that it is the present duty of the trustee to retain that fund, and not to pay it in such a way as to defeat the rights of plaintiff under Vesting Order No. 12984 while it remains effective, nor to pay it to Mohlau or to anyone in his behalf or claiming in his name until the co-trustee determines that Mohlau is in a position to benefit from such payment, and at the death of Mohlau before the transmission of his share to him, to pay said share, or so much thereof as remains in his hands, to defendants Field and defendant Reynolds, or their survivors, or appointees in accordance with the provisions of the indenture of trust.

Defendants' motions for summary judgment are allowed.