Herbert BROWNELL, Jr., Attorney General of the United States, as Successor to the Alien Property Custodian, Petitioner,

v.

SOUTH PITTSBURGH SAVINGS AND LOAN ASSOCIATION, Respondent,

Commonwealth Trust Company of Pittsburgh, Applicant for Intervention.

Civ. No. 12826.

United States District Court, W. D. Pennsylvania.

Jan. 21, 1955.

John W. McIlvaine, U. S. Atty., Pittsburgh, Pa., for Attorney General.

H. Stewart Dunn, Pittsburgh, Pa., for respondent.

J. M. McClure, Pittsburgh, Pa., for applicant for intervention.

James J. Lawler, Pittsburgh, Pa., for Commonwealth of Pennsylvania.

GOURLEY, Chief Judge.

The Attorney General of the United States has brought this proceeding pursuant to the Trading with the Enemy Act for the enforcement of a vesting order and turn-over directive against the South Pittsburgh Savings and Loan Association. 50 U.S.C.A.Appendix, § 17; 50 U.S.C.A.Appendix, §§ 1–40.

It is not in dispute that Augusta Orscheidt, a German national, came to the United States in 1922 and that she continuously resided in the City of Pittsburgh until her return to Germany in 1935. She died on September 10, 1944, in Germany, and was survived by six brothers and sisters; two of the brothers and one of the sisters were German nationals and resided in Germany, and the remaining brother and two sisters were American citizens residing within the United States. The assets of the estate of Augusta Orscheidt, located in the United States at the time of her death, consisted of seven shares of the common stock of the Sinclair Oil Corporation and an account in the South Pittsburgh Savings and Loan Association. The Commonwealth Trust Company of Pittsburgh was appointed Administrator of the Estate of said decedent on September 16, 1953. The Attorney General of the United States, as successor to the Alien Property Custodian, issued a vesting order for one-half of the assets of the estate of said decedent on the basis that one-half of the heirs of said decedent were German nationals at the time of her death. Said order was issued prior to the appointment of the Commonwealth Trust Company of Pittsburgh as Administrator of said estate, and on the basis of the directive of the Attorney General of the United States the Sinclair Oil Corporation complied therewith and issued three and one-half shares of its common stock in the name of the Attorney General of the United States. The South Pittsburgh Savings and Loan Association has refused to comply with the said vesting order, but it has delivered one-half of said account to the Administrator of said estate. The Commonwealth Trust Company, as administrator of the estate to which the vesting order has reference, has petitioned the court for leave to intervene and the South Pittsburgh Savings and Loan Association now considers itself as a stake holder and desires to be relieved of the adverse claims of the Attorney General of the United States and the Commonwealth Trust Company of Pittsburgh, Administrator of the Estate of Augusta Orscheidt.

Two questions exist for the determination of the Court:

(a) Should the South Pittsburgh Savings and Loan Association be required to comply with the vesting order of the Attorney General of the United States, and pay to the Attorney General of the United States the balance of the one-half of the assets of said estate now in its possession?

(b) Should the Commonwealth Trust Company of Pittsburgh, as Administrator of the Estate of Augusta Orscheidt, be permitted to intervene and administer the entire estate of the decedent as it existed at the time of her death?

No question is raised as to the authority of the Attorney General of the United States to take possession of any assets in connection with which it is determined that any enemy nationals shall become entitled in the administration of the Estate of Augusta Orscheidt.

The dispute arises as to whether or not the interest to which the Attorney General of the United States is entitled is one-half of the gross estate of the decedent on the basis of three of the heirs of the decedent being enemy nationals, or whether the Attorney General of the United States is entitled to one-half of the estate which remains after the administration thereof in accordance with the law of the Commonwealth of Pennsylvania.

Actions under Section 17 of the Trading with the Enemy Act intend the immediate reduction to possession of all property which the Custodian shall decide to be enemy property; all questions arising from his mistakes, or even from his oppression and arbitrary actions, are relegated to remedies provided under other sections of the Act. Kahn v. Garvan, D.C.S.D.N.Y., 263 F. 909, 916; 50 U.S.C.A.Appendix, §§ 1–40.

■ The right to immediate possession is not to be defeated or delayed by defenses since the suit is tantamount to physical seizure. Commercial Trust Co. v. Miller, 262 U.S. 51, 55, 56, 43 S.Ct. 486, 67 L.Ed. 858; Central Union Trust Co. v. Garvan, 254 U.S. 554, 41 S.Ct. 214, 65 L.Ed. 403; U. S. Trust Co. v. Miller, 262 U.S. 58, 43 S.Ct. 489, 67 L. Ed. 862.

■ In view of the strong caveat pronounced by the Supreme Court of the United States and the unequivocal mandate of the statute invoked, little, if any, discretion exists on the part of this court to interject equitable principles. The Act involves the exercise of the war powers of the United States as applied to enemy nationals, and the underlying reasons of its broad and sweeping application is most apparent.

I am satisfied that if any injustice should arise, Congress has provided the aggrieved parties with an adequate remedy at law to make recovery from the Attorney General as successor to the Alien Property Custodian of any seized property to which he is not rightfully entitled. 50 U.S.C.A.Appendix, § 9(a).

■ I must, therefore, conclude that application of the Attorney General of the United States to compel the South Pittsburgh Savings and Loan Association to turn over and pay forthwith one-half the assets of the Estate of Augusta Orscheidt to the Attorney General of the United States should be granted.

■ Since there would appear to be no sound basis for the Commonwealth Trust Company of Pittsburgh to intervene as Administrator of the Estate of Augusta Orscheidt, as the assets involved, by reason of the vesting order of April 21, 1950, are deemed property of the United States, Petition of the Commonwealth Trust Company of Pittsburgh to intervene will be refused.

An appropriate Order is entered.