Herbert BROWNELL, Jr., Attorney General of the United States as successor to the Alien Property Custodian, Plaintiff,

v.

LA SALLE STEEL CO., Defendant.

No. 55 C 263.

United States District Court
N. D. Illinois, E. D.

Feb. 10, 1956.

**354**

Robert Tieken, U. S. Atty., Chicago, Ill., Dallas S. Townsend, Asst. Atty. Gen., James D. Hill, Walter T. Nolte and Samuel Z. Gordon, Department of Justice, Washington, D. C., for plaintiff.

Defrees, Fiske, O'Brien & Thomson, Chicago, Ill., for defendant.

KNOCH, District Judge.

This matter came on to be heard on plaintiff's motion to strike the two affirmative defenses set forth in defendant's answer as failing to state a legal defense to the claim set forth in plaintiff's complaint.

This action is brought under the Trading with the Enemy Act, 50 U.S.C.A. Appendix, § 1 et seq., to secure a fund of accumulated royalty payments in possession of defendant. In its answer defendant as affirmative defenses states that the fund sought by plaintiff arose out of an unenforceable patent license agreement, which by its terms violated the anti-trust laws; and that the patent of which defendant was made a licensee is invalid.

The Court has had the benefit of extensive argument of counsel on briefs, has studied the authorities to which the Court's attention has been invited, and is fully advised in the premises.

██ The Alien Property Custodian (or his successor) is not a mere assignee for value who is seeking to enforce a contract, and therefore vulnerable to all defenses available against the alien whose property and interests have been vested. It appears that the plaintiff's predecessor did vest this fund, by the original vesting order, supplemented by later turnover demand, In re Yokohama Specie Bank, Ltd., 1946, 188 Misc. 137, 66 N.Y. S.2d 289, which plaintiff is attempting to enforce. The defense of illegality of the transaction out of which the fund arose is not available to the defendant against the plaintiff. Kermath Mfg. Co. v. Brownell, 6 Cir., 1955, 222 F.2d 577, 580; Standard Oil Co. v. Clark, 2 Cir., 1947, 163 F.2d 917.

██ It further appears that the facts alleged do not bring this case within the exception set out in Sola Electric Co. v. Jefferson, 1942, 317 U.S. 173, 63 S.Ct. 172, 87 L.Ed. 165 (on which defendant relies) to avoid the general rule that a licensee may not contest the validity of the patent in an action for royalties.

Plaintiff's motion is therefore allowed.