See, also, D.C., 147 F.Supp. 928.

Herbert BROWNELL, Jr., Attorney General of the United States, as Successor to the Alien Property Custodian, Plaintiff,

v.

The HARTFORD–CONNECTICUT TRUST COMPANY, as Trustee under the Will of Elise Von Baeckmann, Defendant.

Civ. A. 5549.

United States District Court
D. Connecticut.

Oct. 31, 1956.

930

Simon S. Cohen, U. S. Atty., Henry C. Stone, Asst. U. S. Atty., Hartford, Conn., for plaintiff.

Daniel C. Flynn, Hoppin, Carey & Powell, Hartford, Conn., for defendant.

J. JOSEPH SMITH, Chief Judge.

This is an action by the Attorney General of the United States, as successor to the Alien Property Custodian to reduce to possession certain interests of enemy nationals under the Trading with the Enemy Act, 50 U.S.C.A.Appendix, § 1 et seq.

Elise von Baeckmann died in Hartford in 1945, and her will was probated January 7, 1946. In the fifth paragraph of her will testatrix left the residue of her property in trust, the income to be paid to designated persons or accumulated until "friendly relations shall be resumed between the United States and Germany" at which time the corpus was to be divided among the remaindermen who are citizens of Germany.

Section 7(c) of Title 50 U.S.C.A. Appendix empowers the Alien Property Custodian to seize all property belonging to enemy nationals. Vesting Order 9144 dated May 29, 1947, determined that certain remaindermen and contingent remaindermen under the will of Elise von Baeckmann were enemy nationals and that such interests should vest in the Attorney General. The Attorney General now brings this action pursuant to Section 17 of the Trading with the Enemy Act to enforce this order. The named contingent remaindermen have now moved to intervene.

Cases arising out of seizure during World War I uniformly held that the seizure and an action under Section 17 to enforce the seizure were peremptory and that any mistake in the seizure was to be rectified in a Section 9 proceeding. Central Union Trust Co. v. Garvan, 1921, 254 U.S. 554, 41 S.Ct. 214, 65 L.Ed. 403; Stoehr v. Wallace, 1921, 255 U.S. 239, 41 S.Ct. 293, 65 L.Ed. 604. Under this strict interpretation of Section 17 intervention and interpleader were not allowed. United States Trust Co. of New York v. Miller, 1923, 262 U.S. 58, 43 S. Ct. 489, 67 L.Ed. 862; American Exchange Nat. Bank v. Garvan, 2 Cir., 1921, 273 F. 43, affirmed 260 U.S. 706, 43 S.Ct. 165, 67 L.Ed. 474. However, the scope of a Section 17 action has been expanded since the Second World War and the courts have been willing to test the theory of the seizure, rather than to leave the determination exclusively to the Alien Property Custodian. Thus in Clark v. Edmunds, D.C.W.D.Va.1947, 73 F.Supp. 390, the court postponed the vesting until the end of the war and in the later action Brownell v. Edmunds, D.C.W.D.Va.1953, 110 F.Supp. 828, affirmed 209 F.2d 349,

the court interpreted the will adversely to the Custodian's determination and refused to enforce the vesting order. Similarly, Clark v. Manufacturers Trust Co., 2 Cir., 1948, 169 F.2d 932 held that the Custodian's power does not include a conclusive determination of the existence and amount of a debt owed to an enemy national. And in McGrath v. Ward, D.C. D.Mass.1950, 91 F.Supp. 636 the court construed a trust in favor of the foreign nationals and adversely to the Custodian. In the early cases, such as United States Trust Co. of New York v. Miller, supra, intervention was denied because of the peremptory nature of the proceeding. But as Judge Learned Hand noted in Miller v. Rouse, D.C.S.D.N.Y.1921, 276 F. 715, although the Custodian can peremptorily determine there is an obligation owing to an enemy national, the "capture of rights" under a will does not determine these rights unless possibly in a case where the vesting order itself measures the rights, but merely substitutes the Custodian as the legatee. Subrogated generally to the legatee's rights, the Custodian must proceed as any other legatee to secure his rights. It was in such a posture that the Custodian proceeded in Clark v. Edmunds, supra, and Brownell v. Edmunds, supra.

In the instant action the Attorney General has seized the rights of enemy nationals under a will. If that was as far as this present action went, it would be peremptory and no intervention would be possible. But the Attorney General seeks further relief. He asks that the court 'Adjudge that plaintiff is entitled to distribution of the interests of all the remainder beneficiaries * * * in and to the corpus of the said trust.' As Judge Hand pointed out, this cannot be peremptory. Miller v. Rouse, supra. The testamentary trust in question was to terminate at the end of hostilities, at which time the remaindermen would not be enemies in the sense of the Trading

with the Enemy Act, Section 2(a), Brownell v. Edmunds, supra. The Attorney General succeeds to only those interests which the remaindermen had while they were enemy nationals. But the trust is subject to two possible constructions. If the remainder interest was vested subject to defeasance on a condition subsequent, the remainder would vest at the speaking of the will, at a time when the remaindermen were enemies, and the Attorney General would succeed to their interests. However, if the remainder interest was not vested, and vested only on the condition precedent of the termination of hostilities, then the remaindermen would have had no interests under the will while they were enemies, and the Attorney General would succeed to nothing. Thus while the seizure order may be peremptory, the success of this seizure depends entirely on the construction of the will. If there is to be a construction of this will between the present parties, the contentions of the foreign remaindermen will not be represented. The Trustee, the Hartford-Connecticut Trust Company, cannot be held liable to the foreign remaindermen for its conduct of the case. Section 7(e), Title 50 U.S.C.A.Appendix. And yet the foreign remaindermen and the Hartford Probate Court will be bound by this court's determination of the testamentary trust. Markham v. Allen, 1946, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256. In light of the facts that Section 17 proceedings, involving the construction of testamentary dispositions cannot be properly classed as peremptory, and that the foreign remaindermen will be bound whether they are represented or not, it seems that intervention should be allowed under Rule 24(a) (2), Fed.Rules Civ.Proc. 28 U.S.C., to the extent that the remaindermen may contest the construction of the testamentary trust and remainder.

So ordered.