S. Samuel Di Falco, S.
In paragraph Tenth of his will the testator, who died in 1923, created a trust for the successive use of his sister and her husband for their respective lives and directed the addition of its remainder to his residuary estate the disposition of which was controlled by paragraph Sixteenth. That paragraph calls for the division of the residue into three parts, the first being left in trust for his daughter for her life with the remainder upon her death outright to the testator’s son or his issue if he were then dead, the second in trust for the son for his life with remainder upon his death to his children or the latter’s issue on their own failure to survive the son, and the third, after its subdivision into as many parts as there should be children of the son then living, in trust for the benefit of those children with remainders to their issue.
The trust under paragraph Tenth has fallen in with the death of the testator’s sister who had, however, survived her niece and nephew, the income beneficiaries of the residuary trusts, as well as her husband whose death prior to that of his wife brought his interest in the estate to an end. The sequence in which the deaths occurred creates the issue presented for determination in this proceeding for construction of the will.
It is the position of the executors of the estates of the testator’s deceased children that the Rule against Perpetuities forbids the addition of the principal of the paragraph Tenth trust to the residuary estate (Personal Property Law, § 11; Real Property Law, § 42). They insist that the direction that the fund be held in trust for the lives of the sister, her husband, and then, as to each of its three parts, for the life of a third person, *1019 incontestably establishes its invalidity. They are unquestionably correct unless, as their opponents, the grandchildren of the testator contend, the will contains an alternative direction for the disposition of the fund which would not offend the statute.
In Matter of Wilcox (194 N. Y. 288) the Court of Appeals restated the doctrine that had long been established to the effect that the validity of a will is to be determined by assessing its directions in light of what they might require and not by the effect upon them of the actual passage of events. The court said (p. 295): “First: Such validity must be determined not in the light of what has actually transpired, but from exactly the same point of view from which it would be regarded had a suit been brought to determine the validity of the will at the time of the death of the testator, instead of at a subsequent period. That is to say, the validity of a will depends not on what has happened since the death of the testator, but on what might have happened. Second. ‘ In determining the validity of limitations of estates, under the above statutes, (the provisions of the Revised Statutes in reference to absolute ownership and restraint of alienation) it is not sufficient that the estates attempted to be created may, by the happening of subsequent events, be terminated within the prescribed period, if such events might so happen that such estates might extend beyond such period. In other words, to render such future estates valid, they must be so limited that in every possible contingency, they will absolutely terminate at such period, or such estates will be held void.’ (Schettler v. Smith, p. 334, supra.) ”
To like effect, see, Matter of Fischer (307 N. Y. 149); Matter of Friend (283 N. Y. 200), and Matter of Durand (250 N. Y. 45).
The applicability of the rule stated to any will is to be determined by testing the instrument against the doctrine of the earlier case of Schettler v. Smith (41 N. Y. 328) in which the court said (p. 336): “ The son having died leaving no widow, the inquiry is, whether this lawful disposition is rendered invalid by the unlawful disposition attempted to be made in the contingency of his leaving a widow. It is difficult upon principle to see why it should. But for the prohibition of the statute, both dispositions would have been lawful and valid, and either would have taken effect according to the happening of the events giving it vitality. The statute comes in and avoids one of the dispositions, leaving the other unaffected by its provisions. Why should not the latter take effect upon the occurrence of the events, upon which it was made to depend. The authorities sustain its validity. ’ ’
*1020 To the same effect, see, Matter of Trevor (239 N. Y. 6); Walsh, Future Estates in New York, § 30, p. 175, and Matter of Irving Trust Co. (65 N. Y. S. 2d 824).
It is the position of the grandchildren of the testator that the deaths of both income beneficiaries of the residuary trusts prior to the death of the primary life tenant eliminate their lives as elements in the measurement of the durátion of the restriction on the alienation of the fund and so permit the lawful execution of the bequest of the remainder. They argue that the happening of these events in the sequence in which they did in fact take place was within the contemplation of the testator and that he conditioned his gift upon their occurrence. The respondents, however, have not shown the existence of an alternative disposition essential to the application of the rule applied in Schettler v. Smith (supra). On the contrary, the disposition of the fund cannot be determined until after the expiration of more than two lives in being. To paraphrase the decision of the Court of Appeals in Matter of Friend (supra), the deaths of her husband, niece and nephew prior to the death of the life beneficiary did not constitute ‘ ‘ a contingency which would give rise to any other gift or limitation. It was a contingency which would only determine when the trusts would terminate.” (Matter of Friend, 283 N. Y. 200, 209.) Absent the alternative the argument of the grandchildren falls with the result that intestacy as to the remainder must be decreed.
In reaching this result the court has not ignored the further contention of the respondents that the matter is already res judicata. This will has previously been construed in certain aspects confined exclusively to the question of the validity of the equitable life estate for the primary income beneficiary with all other matters, in the language of the decree, as to the ‘ ‘ proper distribution of said trust fund * * * upon the death of said Hannah Mayer [ed.— the sister of deceased] * * * reserved for future determination.” (Decree, Foley, S., April 30, 1942.) To insist in the face of this ruling that the question as to the disposition of the remainder was not thereafter open is no more than the assertion of a flat contradiction of the evidence to the contrary.
Submit decree on notice construing the will in accordance with the foregoing and directing that the remainder of the trust for the benefit of Hannah Mayer be distributed as in intestacy.