Joseph A. Cox, S.
This is a proceeding for the settlement of the account of the surviving trustee of the trusts for the benefit of Frederick F. A. Pearson and Beverley Bogert and for construction of the will. The testatrix who died in 1928 created three preresiduary trusts for the benefit of two of her sons and her son-in-law, Beverley Bogert. She directed the addition of the principal of each of these trusts to the residuary estate upon the deaths of the respective life beneficiaries. Under prior decisions and decrees of this court the trusts for the benefit of the sons have been administered and except to the extent that they are continued as a part of the residuary trust for secondary beneficiaries they present no problem at this time. (Matter of Pearson, 138 N. Y. S. 2d 489; Matter of Pearson, 117 N. Y. S. 2d 878.) Similarly the trust for the benefit of Beverly Bogert has now fallen in with his death and its addition to the residuary estate is required under the terms of the will.
In paragraph thirteenth of the will testatrix directed the division of her residuary estate into that number of shares which would equal the number of her children who survived her plus, collectively, the issue of children who had predeceased her. On her death the number of shares in the residuary estate was fixed at four in accordance with this provision of the will by reason of the fact that she left no issue of a deceased child surviving and was in fact survived only by her sons Edward and Frederick and her daughters Leslie and Josephine. Of the four shares of the residuary estate one was left outright to Edward and to each of the other children a share was left in trust with the *1022 income payable to the designated beneficiary for life and the remainder passing in further trust on the beneficiary’s death to his or her issue for life in subdivided shares provided such issue had been in existence at the date of the death of the testatrix or if not, outright in equal shares to such issue. Beverley Bogert survived all of the primary income beneficiaries of the residuary trusts as well as Edward, the other child of the testatrix. The mandate of the will concerning the Bogert trust is incapable of complete execution by reason of the following facts. The three primary income beneficiaries of the residuary trusts were themselves survived by issue of whom all but two had been born prior to the death of the testatrix. It will be seen, therefore, that the directions of the testatrix would require that the Bogert trust be divided into four shares, one of which is to be added to Edward’s estate and one each to the principal of the trusts for the other three children. Under the rule of Matter of Friend (283 N. Y. 200) the trusts, at least to the extent that they are augmented by the addition of the Bogert principal, are invalid, as the permissible period of suspension of alienation had been exhausted (Real Property Law, § 42; Personal Property Law, § 11) by the direction creating successive life estates for Beverley Bogert and then, as to each of the parts, for the primary residuary income beneficiaries. The fact that Beverley Bogert survived the children of the testatrix does not affect this result for “ the validity of a will is to be determined by assessing its directions in the light of what they might require and not by the effect upon them of the actual passage of events.” (Matter of Kops, 18 Misc 2d 1017, 1019.)
Nor is this a case in which resort to the doctrine of Schettler v. Smith (41 N. Y. 328) would be permissible. That case established the principle that where a will makes two dispositions of an estate, one lawful and one unlawful, and the passage of events conforms to the terms of the former, the invalid direction may be disregarded and the disposition saved. In this case, contrary to the argument of the petitioner, no such alternative is contained in the will, and intestacy must be decreed at least as to five eighths of the Bogert trust. This result follows from the application of the express directions of the testatrix ; two eighths of the principal of the Bogert trust would be added to the outright share of Edward in the residuary estate and one eighth would be payable in equal shares to the only two grandchildren of the testatrix who were born subsequent, to her death but the remaining five eighths could not be added to the shares of the trusts still under administration for the life *1023 use of those of her grandchildren who had been born prior to her death.
The argument is advanced by those who would take in intestacy that the declaration of a partial intestacy in respect of the Bogert trust remainder would thwart the over-all purpose of the testatrix to treat her issue on an equal basis and that a result more in keeping with her wishes would be obtained if the entire remainder were held to be invalid and be paid as in intestacy. That the testatrix did intend an equality of distribution among the issue of her children may fairly be inferred from the instruction she left concerning the disposition of the residuary estate. Yet if only a partial intestacy were declared the two grandchildren who were born subsequent to her death would benefit to an extent materially superior to those of the grandchildren whose births had preceded her death. There' is no doubt of the fact that the court, under such circumstances, can find that the invalid disposition so taints the valid that the entire program must fall. The Court of Appeals in Benedict v. Webb (98 N. Y. 460) confronted with a similar situation struck down the entire disposition stating at page 466: “ We should feel disposed to sustain the trusts in favor of the other children, except for the reason that to uphold those, while setting aside the trust in favor of Anna Augusta, would seriously interfere with the intention of the testator, that all the children and their issue should share equally in his estate, and would produce great injustice. The result of sustaining the trusts in favor of the other children would be that each would take one-fourth share of the estate, and also as heirs and distributees an equal share with Anna Augusta in the share intended for her. No case, we think, can be found which would justify upholding a part of a will, when by so doing it would produce such manifest injustice. (Savage v. Burnham, 17 N. Y. 562; Knox v. Jones, 47 id. 390.) We are of opinion, therefore, that the trust attempted to be created by the testator in the two-third parts of his estate cannot be sustained, and that as to such two-third parts he must be deemed to have died intestate.” (To like effect, see Brown v. Quintard, 177 N. Y. 75; Matter of Lyons, 271 N. Y. 204; Matter of Sheedy, 20 Misc 2d 900.)
The reasons for the rule were set forth in the opinion of this court in Matter of Huntington (10 Misc 2d 932) where it was stated at page 938: ‘1 The rule as set forth in the Restatement of Property is that the valid portion of the appointment be given effect, ‘ unless (a) the two parts are so mingled that it is impossible to 'fix the line of division between them, or (b) the *1024 donee’s scheme of disposition is more closely approximated by allowing both parts to pass in default of appointment than by treating as valid the latter part of the appointment and allowing only the property covered by the former part to pass in default ’ (§ 362; see, also, 5 American Law of Property, pp. 599, 600; 5 Powell on Real Property, p. 659).”
For the reasons stated the court holds that the remainder of the trust for the benefit of Beverley Bogert passes in its entirety as intestate property.
The second of the questions presented by the petitioner involves the interpretation of article fifteenth of the will which here follows: ‘ ‘ fifteenth : I authorize and empower my Trustees to accept and retain any investments belonging to me and my estate as investments of the trust estates herein created, and I recommend that the shares of the Keweenaw Land Association, Limited, be held intact, unless there should be such a change in the condition of the Association and its affairs as to make a sale advisable. In making reinvestments of trust moneys I direct that the Trustees shall invest only in first mortgage gold bonds, payable in gold, of the present standard of weight and fineness, and in Municipal and State Bonds, payable in gold.”
This court has previously held (N. Y. L. J., April 16, 1936) that because of the impossibility of obtaining investments of the kind described the trustees were authorized to invest in legal investments of the type at that time prescribed for fiduciaries. The petitioner now seeks a ruling that the limitations on its investment authority be enlarged to permit it to invest in those securities available under the prescription of section 21 of the Personal Property Law. The courts have frequently granted applications of the sort here made when the investment instructions of the testator were no longer possible of compliance. (See Matter of Morgan, 13 Misc 2d 214; Matter of Young, 178 Misc. 278; Matter of Schwarz, 156 N. Y. S. 2d 20.) In all of these cases the restriction was lifted by the court so as to permit the fiduciary to invest in those securities prescribed by section 21 of the Personal Property Law. The same permission will be granted the petitioners here.
A somewhat more intricate question arises in connection with the interpretation of the second paragraph of article fifteenth which provides as follows: ‘ ‘ All cash dividends, distributions and divisions, of whatsoever sort, issued or paid upon, or in respect of, the stock of any corporation forming part of my estate, or any of the trust funds herein created, shall be paid *1025 over as income to the person or persons entitled to receive the income from the trust estate.”
This will was executed subsequent to the enactment of section 17-a of the Personal Property Law. The testatrix, however, is chargeable with the knowledge that her investment instructions were subject to change if circumstances require. The petitioner contends that this provision of the will is inapplicable to any stock dividends, distributions or divisions derived from investments in the securities now made available to the trustee by reason of the ruling extending the investment authority and that section 17-a of the Personal Property Law is applicable to such new investments. It is the theory of the petitioner that the dividend direction was intended by the testatrix to apply only to stock owned by her when she died and not to securities in which the trustee might thereafter be authorized to invest by direction of the court contrary to the mandate of the will. While the testatrix is chargeable with knowledge of the fact that her investment directions were subject to enlargement by the court following her death, it nevertheless would appear to be true that the words “dividends”, “distributions” and “divisions” are modified by the word “cash” immediately preceding. In Matter of Pearson (N. Y. L. J., March 29, 1960, p. 12, col. 8), Mr. Justice McGivern construed identical language in a trust instrument of an inter vivos trust created by a member of the testatrix’ family. He there reached the same conclusion as this court has in deciding that the words employed in the will were intended to affect only cash distributions. Section 17-a of the Personal Property Law is, therefore, held to govern the receipt of any stock dividends derived from securities acquired by the trustee.
Submit decree on notice construing the will in accordance with the foregoing and settling the account as filed.