Joseph A. Cox, S.
The decedent died on August 13, 1893 leaving a last will and testament which was duly admitted to probate in this court. Article Third of the will created a trust for the benefit of Elsa Ziegler, one of his daughters who died a resident of the German Democratic Republic (East Germany) on September 29, 1961.
A question as to the validity of the trust is now raised by the accounting trustee. If the trust is valid the trust remainder is payable, under the terms of the will, to the life beneficiary’s two children and her grandchild, the daughter of a predeceased child. A claim of the United States Government is based upon a vesting order issued by the Office of Alien Property on September 18, 1946, as amended on April 24, 1964, which was intended to vest the remainder interests in the trust in the United States Government.
*1065 Under Article Third of his will the testator attempted to create five separate trusts for the lives of each of his five daughters with directions that the trust funds be administered in the following manner:
“ [F]or and during the term of the natural life of the one of my said daughters for whom the same is held in trust and meanwhile to pay the income thereof on the same to such daughter, and after the death of each daughter to pay the income from the said bonds to her issue until her oldest child shall arrive at the age of twenty one years, and if such oldest child shall die under the age to pay the income to the surviving issue until the next oldest living child shall have attained the age of twenty one years or die under that age, and then to pay and transfer the principal of such fund to the issue of my said daughter in equal shares per stirpes.
‘1 And in case of the death of any of my said daughters, without issue to divide the said share so set apart for the daughter so dying among her surviving sisters, and the issue of any of my said daughters, who shall have previously died leaving issue then surviving, such division to be made per stirpes.”
Although the trust has been held for only one life, there is no doubt from a reading of the quoted text of the will that the possibility existed that the power of alienating the fund could have been suspended for three or more lives. In determining whether a will has illegally suspended the power of alienation the courts must look to what might have happened under the terms of the will rather than what actually happened after the death of the testator (Matter of Friend, 283 N. Y. 200; Matter of Durand, 250 N. Y. 45; Matter of Perkins, 245 N. Y. 478; Matter of Wilcox, 194 N. Y. 288; Matter of Fischer, 307 N. Y. 149; Matter of Kops, 18 Misc 2d 1017). It is equally well settled that it is the duty of the court to carry out the intention of the testator insofar as possible by separating the valid portions of the trust provisions from the invalid portions (Matter of Lyons, 271 N. Y. 204; Matter of Durand, supra; Matter of Silsby, 229 N. Y. 396; Davis v. MacMahon, 161 App. Div. 458, affd. 214 N. Y. 614).
Applying the remedy of excision, the trust for the life of the testator’s daughter Elsa Ziegler may be salvaged. That disposition, standing by itself, is valid and can readily be separated from the subsequent invalid provisions of the will (Matter of Silsby, supra; Matter of Fischer, supra; Matter of Durand, supra). The will discloses that the testator’s children were the primary objects of his bounty and his expressed purpose on their behalf will thus be effectuated.
*1066 The remaining question to determine is whether the excision of invalid dispositions has the effect of accelerating the trust remainder, or whether the trust corpus, plus income accumulated since the death of Elsa Ziegler, is now distributable under the residuary clause of the testator’s will. A contingent remainder may not be accelerated (Matter of Fischer, supra; Matter of Von Isenburg, 306 N. Y. 847; Matter of Durand, supra; Matter of Silsby, supra; Benedict v. Salmon, 177 App. Div. 385, affd. 223 N. Y. 707). Here the persons who would be eligible to receive the trust remainder could not be determined until the death of the life income beneficiary. Indeed as the trust is drawn they could not be determined until the next eldest child of Elsa Ziegler arrived at the age of 21 or sooner died and, if the testator’s daughter had no surviving issue, the testator provided for an alternative gift over to his other daughters or their issue. Survivorship at the time of distribution of the trust remainder was thus made a clear condition for the receipt of a share of such remainder and the interests of Elsa Ziegler’s issue were contingent and not vested (New York Life Ins. & Trust Co. v. Winthrop, 237 N. Y. 98, 103; Matter of Crane, 164 N. Y. 71; Matter of Baer, 147 N. Y. 348). The attempted contingent gift of the trust remainder to the issue of Elsa Ziegler has failed and the trust corpus, together with income accumulated since the death of Elsa Ziegler, is distributable to the residuary legatees.
The vesting order, as amended, filed by the Office of Alien Property, could have been effective only as to the life interest of Elsa Ziegler and could not effectively vest title to the trust remainder in the United States Government. A gift which is invalid because it violates the Buie against Perpetuities or, for any other reason, passes no estate which is subject to seizure (Brownell v. Edmunds, 209 F. 2d 349; Matter of Paszotta, 131 Ind. App. 604). A vesting order cannot confer any greater title on the United 'States Government than that of the person whose interest is seized (Chase Nat. Bank v. Reinicke, 76 N. Y. S. 2d 63, affd. 276 App. Div. 831, affd. 301 N. Y. 602; Kahn v. Garvan, 263 F. 909; Matter of Young, 204 Misc. 92). Elsa Ziegler’s issue had no interest in the trust due to its invalidity and the United States Government therefor had nothing to seize.
The claim of the Government that the issue with respect to' the validity of this trust has already been decided by this court and that the decree entered in connection with the prior proceeding is res judicata cannot be sustained. The prior decree was entered in connection with another trust for one of the decedent’s other daughters and the remaindermen in this proceeding were not parties to that proceeding. In addition *1067 although the accounting trustees in the prior proceeding requested a construction of the same paragraph of the testator’s will the court did not rule with respect thereto as all parties in interest consented to a proposed distribution. Thus it cannot be said that the precise question was raised or litigated in that proceeding (Rudd v. Cornell, 171 N. Y. 114; Matter of Seaman, 275 App. Div. 484; Meredith v. First Trust Co. of Albany, 260 App. Div. 517, mot. for lv. to app. dsmd. 285 N. Y. 619).
The validity of the vesting order is challenged by the residuary legatees. This court is without jurisdiction to inquire into the determination by the Alien Property Custodian that any remainderman was a national of a designated enemy country (Stoehr v. Wallace, 255 U. S. 239; Commercial Trust Co. v. Miller, 262 U. S. 51; United States Trust Co. v. Miller, 262 U. S. 58; Ahrenfeldt v. Miller, 262 U. S. 60; Becker Co. v. Cummings, 296 U. S. 74; Miller v. Lautenburg, 239 N. Y. 132; Matter of Viscomi, 270 App. Div. 732; Matter of Carrington, 195 Misc. 442; Matter of Littman, 176 Misc. 679). The vesting order may be attacked only in a Federal court in pursuance of the remedy provided by the Trading With the Enemy Act (U. S. Code, tit. 50, Appendix, § 5, subd. [b]; § 7, subd. [c] ; § 9, subd. [a]; SilesianAmerican Corp. v. Clark, 332 U. S. 469; Cummings v. Hardee, 102 F. 2d 622; Matter of Sielcken, 167 Mise. 327; Matter of Yokohama Specie Bank, 188 Misc. 137; Matter of Daly, 189 Misc. 680; Matter of Wirth, 132 N. Y. S. 2d 98). In view of the determination here made as to the ultimate dispositions of the trust remainder, any consideration of alleged defects in the language of the vesting order would be an academic exercise.
Submit decree on notice construing the decedent’s will and settling the trustee’s account in accordance with the foregoing opinion.